# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **REGIONS BANK,** } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| v. } | **Case No.:  2:10-CV-00044-RDP** |
| } | |
| **GBLLHM ALGOMA LANDS** } | |
| **LIMITED PARTNERSHIP, et al.,** } | |
| } | |
| **Defendants.** } | |

### MEMORANDUM OF OPINION

This matter is before the court on the Motion to Dismiss for Failure to Join Required Party (Doc. # 23), filed on February 10, 2010, by Defendants James W. Purcell, Michael T. Garrity, Donal P. Barry, Donal P. Barry, Jr., Sean T. Barry, Margaret H. Barry, Donal P. Barry Declaration of Trust Dated June 27, 2000, Donal P. Barry, Jr. Declaration of Trust Dated May 29, 2002, Sean T. Barry Declaration of Trust Dated January 13, 2000, James W. Purcell Declaration of Trust Dated December 8, 2004, and Margaret H. Barry Declaration of Trust Dated June 27, 2000 ("the Guarantors").  The Guarantors' motion asserts that Plaintiff's Complaint should be dismissed for failure to join an indispensable party, GBLLHM Algoma GP, Inc.

In addition to the Guarantors, Plaintiff originally named GBLLHM Algoma Lands, L.P. and GBLLHM Algoma GP, Inc. as defendants.  Both have since been voluntarily dismissed by Plaintiff pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(I).  Dismissals under that provision of Rule 41 are self-executing.

On January 7, 2008, GBLLHM Algoma Lands, L.P. ("Algoma LP") entered into a Loan Agreement and a Promissory Note, pursuant to which it indebted itself to Regions Bank for the

principal sum of $34,000,000.  GBLLHM Algoma GP, Inc. ("Algoma Inc.") is the General Partner of Algoma LP.  (Doc. # 1-1; Doc. 1-2).  Algoma Inc. executed the Loan Agreement and Promissory Note as the general partner of Algoma LP, but Algoma Inc. is not a party to either document.  (*Id.*)

Also on January 7, 2008, the Guarantors entered into a Guaranty Agreement in favor of Plaintiff in the amount of the Loan Agreement between Algoma LP and Plaintiff.  (Doc. # 1-5).  This Guaranty Agreement is a contract directly between Plaintiff and the Guarantors.  (*Id.*).  The Guarantors also entered into a First Amendment to Guaranty Agreement with Plaintiff on February 28, 2009.  (Doc. # 1-6).  The Guaranty Agreement specifically provides that:

> [It] shall not be necessary for Lender, in order to enforce such payment or performance by Guarantor first to institute suit or exhaust Lender's remedies against Borrower or others liable on such indebtedness... .  Suit may be brought or demand may be made against all parties who have signed this Guaranty, or against any one or more of them, separately or together, without impairing the rights of Lender against any other party hereto.

(Doc. # 1-5 at ¶ 4).  That agreement further provides that:

> If, for any reason whatsoever, Borrower is now or hereafter becomes indebted to Guarantor: such indebtedness and all interest thereon ... shall, at all times, be subordinate in all respects to the Guaranteed Obligation ... .  Notwithstanding anything to the contrary contained in this Guaranty or any payment made by any party hereunder, until the Guaranteed Obligation is paid in full ..., Guarantor hereby permanently and irrevocably waives any right of subrogation in or under any of the Loan Documents ... .

(Doc. # 1-5 at ¶ 6(a)).

Plaintiff argues that Algoma Inc., as a general partner of Algoma LP, is liable for Algoma Inc.'s debts.  That may be the case.  However, that fact, if true, does not explain why Algoma Inc. is a necessary party to this action between the parties to the Guaranty Agreement to which neither Algoma LP nor Algoma Inc. is a party.

Count I of the Complaint states a claim against the Borrower, Algoma LP, but Plaintiff has voluntarily dismissed Algoma LP.  Count II of the Complaint seeks to recover against Algoma Inc. as the general partner of the Borrower for its obligations, but Plaintiff has also voluntarily dismissed Algoma Inc.  Counts III through XIII each state breach of guaranty claims against the individual Guarantors pursuant to the Guaranty Agreement, to which neither Algoma LP nor Algoma Inc. is a party.  Count XIV is a claim for unjust enrichment against the Borrower and the Guarantors to the extent they were enriched by the loan which apparently has not been paid.  Whereas Algoma Inc. may have been a necessary party to Count II of the Complaint, Plaintiff has dismissed its claims against Algoma Inc.  Algoma Inc. is not a necessary party to Counts III through XIV of the Complaint.

Federal Rule of Civil Procedure 19 "sets forth a two-part analysis. First, the court must determine whether the person in question should be joined. If the person should be joined, but for some reason cannot be, the court must analyze the factors outlined in Rule 19(b) to determine whether 'in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person thus regarded as indispensable.'" *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999) (citing Fed.R.Civ.P. 19 and *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1079 (11th Cir. 1983)). As to whether a party should be joined,  Rule 19 provides:

> (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (II) leave any of the persons already parties

>subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a).

Plaintiff may obtain complete relief on Counts III through XIV of the Complaint without the presence of Algoma Inc. Although the court is quite certain that the Guarantors would prefer that Algoma Inc. (rather than they) pay for Algoma LP's obligations, in the Guaranty Agreement, they incurred their own obligations to Plaintiff which Plaintiff is entitled to enforce without regard to Algoma Inc. In fact, the Guaranty Agreement itself even specifically provides that Plaintiff could pursue its claims against fewer than all of the Guarantors. (*See* Doc. # 1-5 at ¶ 4).

As to whether Algoma Inc. has an interest in the proceedings, the court is again certain that Algoma Inc. would willingly forego its interest in its *obligations* to Plaintiff. In any event, "[j]oinder is "contingent ... upon an initial requirement that the absent party *claim* a legally protected interest relating to the subject matter of the action." *U.S. v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999) (quoting *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983)) (emphasis in original). Algoma Inc. is aware of the litigation. (Doc. # 4). They have not chosen to claim an interest.

Even if Algoma Inc. had claimed an interest in this matter, there is no risk that the Guarantors would be subject to double or inconsistent liability as the claims asserted against them arise solely under the Guaranty Agreement (and/or exist only to the extent that they were unjustly enriched). The Guarantors desire Algoma Inc.'s presence in this action as an alternative source of recovery. "That Defendants may have a claim for contribution or indemnification against [Algoma Inc.] is of no consequence, as '[t]he complete relief provision of 19(a) does not concern any subsequent relief via

contribution or indemnification for which the absent party might later be responsible.'"  *U.S. v. Janke*, 2009 WL 2525073 at *2 (S.D. Fla. 2009) (quoting *DeWitt v. Daley*, 336 B.R. 552, 556 (S.D. Fla. 2006)).  *See also Nottingham v. General Am. Communications Corp.*, 811 F.2d 873, 880 (5th Cir.1987) ("Rule 19 does not require joinder of persons against whom ... [defendants] have a claim for contribution."); *Fred Lurie Associates, Inc. v. Global Alliance Logistics, Inc.*, 453 F.Supp.2d 1351, 1355, n.10 (S.D. Fla. 2006) (same).

Based upon the claims asserted in the Complaint and the evidence before it, the court concludes that Algoma Inc. is not a necessary party under Rule 19.  Therefore, the Guarantors' Motion to Dismiss for Failure to Join Required Party (Doc. # 23) is due to be denied.

Nevertheless, in light of the fact that the Defendants against whom Counts I and II of the Complaint are asserted have been voluntarily dismissed, Counts I and II of the Complaint are due to be dismissed without prejudice.  A separate order in accordance with this Memorandum of Opinion will be entered.

**DONE** and **ORDERED** this      16th      day of March, 2010.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE